Filed 12/17/25  Solis v. Lauderdale CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MARY SOLIS,<br><br>　　Plaintiff and Appellant,<br><br>　　　　v.<br><br>SPENCER LAUDERDALE,<br><br>　　Defendant and Respondent. | G063653<br><br>(Super. Ct. No. 30-2021-01200174)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Donald F. Gaffney, Judge. Affirmed.

Mandell Trial Lawyers, Robert J. Mandell and Mara Burnett, Esner, Chang, Boyer & Murphy, Shea S. Murphy and Kevin K. Nguyen, for Plaintiff and Appellant.

Ford, Walker, Haggerty & Bahar, Juan C. Delgado and David J. Mendoza, for Defendant and Respondent.

Mary Solis appeals from a defense judgment on her negligence claim for injuries sustained in a tubing accident that occurred while she was acting as the "spotter." She contends the trial court erred in applying the primary assumption of the risk doctrine. Finding no error, we affirm.

FACTS

In June 2020, Solis, Spencer Lauderdale, and several others went on a weekend camping trip at Pine Flat Lake, where they used Lauderdale's 22-foot ski boat to go tubing. Tubing is a recreational boating activity where a rider is towed behind a boat on an inflated inner tube. A person on the boat typically acts as the "spotter," a role that involves watching the rider, communicating with the boat driver, and raising a flag to alert nearby boaters if the rider is in the water.

At one point during the weekend, Lauderdale was driving the boat and pulling his girlfriend on the tube. Solis volunteered to act as the spotter and sat at the back of the boat.

As Lauderdale drove the boat into a cove, the rider gave a thumbs up signal to indicate he should speed up. He obliged, increased the speed to about 20 to 25 mph, and turned back briefly to watch the rider. When he looked forward a few seconds later, he saw the boat was about to hit a sandbar covered in vegetation. He was unable to avoid a collision, and the boat ran aground. Solis flew forward in the impact and suffered severe injuries.

Solis filed a complaint against Lauderdale for negligence. Lauderdale asserted assumption of the risk as an affirmative defense.

Before trial, Solis moved in limine to preclude Lauderdale from arguing that defense. The trial court denied the motion and found the primary assumption of the risk doctrine applied. It therefore instructed the

jury that Lauderdale was "not responsible for any injury resulting from conduct that was merely accidental, careless, or negligent," and that to hold Lauderdale liable, Solis had to show his conduct was either intentional or so reckless it "was entirely outside the range of ordinary activity involved in recreational boating." (See CACI 470.)

The jury returned a defense verdict, finding Lauderdale did not act intentionally or recklessly. The trial court entered judgment for Lauderdale.

DISCUSSION

Solis asserts the trial court should have instructed the jury on negligence and that it erred in limiting Lauderdale's duty based on the primary assumption of the risk doctrine. The doctrine's applicability is a question of law subject to de novo review. (*Summer J. v. United States Baseball Federation* (2020) 45 Cal.App.5th 261, 268.)

"In the sports setting . . . conditions or conduct that otherwise might be viewed as dangerous often are an integral part of the sport itself." (*Knight v. Jewett* (1992) 3 Cal.4th 296, 315 (*Knight*).) Thus, our Supreme Court has held that participants in an active sport have no duty to coparticipants to reduce the risk of harm inherent in the sport. (*Id.* at p. 321; see *Shin v. Ahn* (2007) 42 Cal.4th 482, 486.) A sports participant is only liable for a coparticipant's injury if he acted intentionally or if his conduct was so reckless it fell totally outside the sport's ordinary activity range. (*Ibid.*; *Knight*, at p. 320.)

Courts have applied the primary assumption of the risk doctrine to preclude liability in a wide variety of water sports, including waterskiing, swimming, jet skiing, sail boating, river rafting, sportfishing, and tubing. (*Kindrich v. Long Beach Yacht Club* (2008) 167 Cal.App.4th 1252, 1261

3

[collecting cases]; *Truong v. Nguyen* (2007) 156 Cal.App.4th 865, 879 (*Truong*) [collecting cases]; contrast *Shannon v. Rhodes* (2001) 92 Cal.App.4th 792, 801 [doctrine does not apply where boat driver takes passengers for "simple ride around a lake"].)

Tubing in particular is subject to the doctrine because the boat driver turns the boat rapidly to cause the rider to whip around wakes with a white knuckled grip. (*Record v. Reason* (1999) 73 Cal.App.4th 472, 482 (*Record*); see *Bjork v. Mason* (2000) 77 Cal.App.4th 544, 550.) The point of tubing is "to experience the thrill of whipping across the water at speeds which challenge [the rider's] ability to stay on the tube." (*Record*, at p. 483.) Applying an ordinary negligence standard under the circumstances would have the undesired effect of "chill[ing] the driver's willingness to provide the exciting ride . . . and would narrow the spectrum of excitement, changing the fundamental nature of the sport." (*Id.* at p. 485.)

While Solis notes she was not the person riding the tube, this downplays her position as spotter. As spotter, Solis served an integral role in the sport by helping the rider communicate with the boat driver and by raising the flag for safety. She was also subject to similar twists, turns, and speed as the rider, and had to use physical exertion to weather the dramatic boating maneuvers inherent in tubing.

We find Solis was thus a coparticipant in the sport and subject to the primary assumption of the risk doctrine. (See *Truong, supra,* 156 Cal.App.4th at p. 889 [doctrine applied to injured passenger of multirider personal watercraft]; *Stimson v. Carlson* (1992) 11 Cal.App.4th 1201, 1205 [doctrine applied to sailboat crew member hit by boom in sailing accident].) Indeed, if we were to find that a boat driver owes a traditional duty of care to a spotter but not to the rider, that would alter the fundamental nature of the

sport; the driver would be forced to drive slower and avoid sharp turns for the benefit of the spotter, at the expense of the thrill for the rider. (See *Record, supra,* 73 Cal.App.4th at p. 485.)

Solis unpersuasively contends Lauderdale's act of driving the boat aground is not an inherent risk of tubing. The jury evidently was not persuaded by this argument, as it expressly found Lauderdale did not "act so recklessly that his conduct was entirely outside the range of ordinary activity involved in operating a recreational watercraft." And we decline to find, as a matter of law, that running a boat aground is not an inherent risk of tubing. Indeed, courts have applied the primary assumption of the risk doctrine to analogous boating errors. (See *Ford v. Gouin* (1992) 3 Cal.4th 339, 342–343 [doctrine barred water skier's claim against boat driver who drove too close to riverbank and caused skier to hit head on tree limb]; *Record, supra,* 73 Cal.App.4th at p. 485 [doctrine barred tuber's claim against boat driver who drove above speed limit and made sharp turn].)

Solis devotes most of her briefing to asserting that we should instead apply the two-step duty test articulated in *Brown v. USA Taekwondo* (2021) 11 Cal.5th 204 (*Brown*). *Brown* considered a wholly different issue though: it set forth the test for deciding "whether a defendant has a legal duty to take action to protect a plaintiff from injuries caused by *a third party*." (*Id.* at p. 209, italics added; see *id.* at p. 222 [national Olympic committee had no duty to protect athletes from coach's sexual abuse].) Solis correctly concedes no published decision has integrated the primary assumption of the risk doctrine into the *Brown* test, and we see no basis for doing so where *Brown* did not involve assumption of the risk at all. To hold otherwise would undo the past three decades of case law on primary assumption of the risk.

5

## DISPOSITION

The judgment is affirmed. Lauderdale shall recover his costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)


                                                        SCOTT, J.

WE CONCUR:


MOTOIKE, ACTING P. J.


GOODING, J.